**NOT FOR PUBLICATION**

APR 14 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MACARIO BELEN DAGDAGAN, | No. 10-15231 |
| Plaintiff - Appellee, | D.C. No. 2:08-cv-00922-GEB-GGH |
| v. | |
| JASON WENTZ, Vallejo Officer (ID#524); JOHN BOYD, Vallejo Officer (ID#589), | MEMORANDUM[*] |
| Defendants - Appellants, | |
| and | |
| CITY OF VALLEJO; JOHN MELVILLE, | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Submitted April 11, 2011[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: NOONAN and N.R. SMITH, Circuit Judges, and COLLINS, District Judge.***

Macario Belen Dagdagan ("Dagdagan") sued the City of Vallejo, California and three of its police officers in this §1983 civil rights action. Two of the officers, Jason Wentz ("Wentz") and John Boyd ("Boyd"), sought qualified immunity. Indulgently taking the facts as offered by Wentz and Boyd, the district court denied qualified immunity. The officers appeal.

Viewing the facts in the light most favorable to the nonmoving party, we observe that the officers were investigating an assault that allegedly occurred approximately two hours earlier. *See La Londe v. County of Riverside*, 204 F.3d 947, 953-54 (9th Cir. 2000). Having interviewed the victim at her home, the officers proceeded to the apartment of the alleged assailant, Dagdagan. Without attempting to secure a warrant, the officers entered and found Dagdagan in bed, apparently asleep. They roused him, tased him and arrested him, causing him severe bodily injury in the process of arrest.

Absent a showing of exigency or emergency, a warrant is required to search a home or arrest a person within a home. *See Hopkins v. Bonvicino*, 573 F.3d 752,

***  The Honorable Raner C. Collins, District Judge for the U.S. District Court for Arizona, Tucson, sitting by designation.

763, 773 (9th Cir. 2009). The emergency exception to the warrant requirement applies where officers believe it is necessary to enter a home "to render emergency assistance to an injured occupant or to protect an occupant from imminent injury." *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006). The exigency exception applies where the officers have "probable cause to believe a crime has been or is being committed and a reasonable belief that their entry is 'necessary to prevent . . . the destruction of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts.'" *Hopkins*, 573 F.3d at 763 (quoting *United States v. McConney*, 728 F.2d 1195, 1199 (9th Cir. 1984) (en banc)).

By the time the officers arrived at Dagdagan's home, any emergency or exigency that might have justified their warrantless entry had long since passed. *See United States v. Johnson*, 256 F.3d 895, 907 (9th Cir. 2001) ("[T]he critical time for determining whether any exigency exists is the moment the officer makes the warrantless entry." ); *cf. Brigham City*, 547 U.S. at 1949 (finding warrantless entry justified to provide assistance where officers witnessed, through a window, a young man striking an adult in the face, "sending the adult to the sink spitting blood"). Before arriving at Dagdagan's residence, the officers knew that Kearney, the only known victim of the alleged assault, was at her own home. Officers

3

Wentz and Boyd had no reason to believe that Dagdagan was injured and in need of assistance, nor that anyone other than Dagdagan was present in Dagdagan's apartment. Having unlawfully entered Dagdagan's home and found him in bed, apparently asleep, no reasonable officer could then conclude that there was probable cause to arrest Dagdagan for a violation of California Penal code § 148. *See Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (observing that the lawfulness of the officers' conduct at the time of the arrest is an essential element of a § 148 violation). No emergency or exigency justified the officers' flagrant invasions of clearly established constitutional rights.

AFFIRMED.

4